UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICAH HUDSON<br>4202 Sonia Court<br>Alexandria, VA 22309<br><br>*Plaintiff*,<br><br>v.<br><br>CARLOS DEL TORO,<br>*in his official capacity only, as*<br>Secretary of the Navy<br>Department of the Navy<br>1000 Navy Pentagon<br>Washington, DC 20350-1000<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

## COMPLAINT IN A CIVIL CASE

Plaintiff Micah Hudson ("Plaintiff"), by and through undersigned counsel, respectfully brings this civil action against Defendant Carlos Del Toro ("Defendant"), in his official capacity as U.S. Secretary of the Navy. Plaintiff asks the Court to hold that Defendant, through the Board of Correction for Naval Records ("BCNR"), has, in a manner arbitrary, capricious, and contrary to law, denied Plaintiff's application to correct his military record, and that such denial is unlawful under the Administrative Procedure Act ("APA"). As grounds therefore, Plaintiff alleges:

## PARTIES

1. Plaintiff has been an active duty service member of the United States Marine Corps ("USMC") for the past 24 years.

2. Defendant is the U.S. Secretary of the Navy and is named only in his official capacity as the head of the Department of the Navy ("DON"). *See* 10 U.S.C. § 8013(a)(1).

## JURISDICTION AND VENUE

3. These claims are brought under the APA. Therefore, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 703.

## STATEMENT OF FACTS

5. Plaintiff is the victim of illegally-obtained wire, oral, or electronic communications ("communications") that were hacked from the phone of his friend, Captain ("Capt") Kanella Hatchett. Those communications suggested an inappropriate relationship between the two of them, and were subsequently used by his command to formally investigate, counsel, and discipline him, effectively ending his military career.

6. Capt Hatchett's phone was hacked by an individual who has not been able to be identified; however, the consensus is it was a former member of her command. The unknown hacker then sent the illegally-obtained communications to 12 recipients, including two senior leaders in Plaintiff's former command, the Marine Corps Embassy Security Group ("MCESG") Executive Director, and the MCESG Chief of Staff.

7. The Executive Officer of MCESG, after receiving the illegally-obtained communications, texted Capt Hatchett and told her that she may have been hacked, and recommended she contact Naval Criminal Investigative Service ("NCIS"). Capt Hatchett agreed, and thereafter spoke with NCIS Special Agent-In-Charge ("SAC") James Curry. SAC Curry stated that it appeared that someone had, indeed, hacked Capt Hatchett's phone. NCIS conducted a forensic search, which concluded that whomever sent the unlawfully obtained messages likely masked his or her presence. The hacker has not been able to be identified.

8. On or about September 1, 2020, the MCESG appointed an investigating officer to investigate the content of the illegally-obtained communications and determine if it demonstrated an inappropriate relationship between plaintiff and Capt Hatchett.

9. As a direct result of that investigation, in October 2020, the illegally-obtained communications were used by the General Court Martial Convening Authority ("GCMCA") against Plaintiff to subject him to: (1) a substantiated Preliminary Inquiry ("PI"); (2) a formal counselling called a Marine Corps Individual Records and Administration Manual ("IRAM") page 11 ("page 11"); and (3) a Report of Misconduct ("ROM"), all of which were solely based on the communications illegally-obtained by the unknown person in violation of Title III ECPA. The page 11 and ROM were placed in Plaintiff's permanent Official Military Personnel File ("OMPF"). The result of these Constitutionally-flawed processes was that Plaintiff's military career has been adversely affected. Indeed, he has since been passed over for promotion.

10. On March 22, 2021, counsel for Plaintiff filed an application with the BCNR to remove all actions against Plaintiff that were included in his OMPF because they were predicated on evidence that was illegal to use in such proceedings under 18 U.S.C. § 2515 of the Electronic Communications Privacy Act, 18 U.S.C. § 2510-23 ("Title III"). This is an exclusionary rule for illegally-obtained wire or oral communications, and the BCNR should have applied it in reviewing the imposition of Plaintiff's disciplinary proceedings. It undoubtedly applies before this Court.

11. In particular, 18 U.S.C. § 2515 states: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other

authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

12. On April 13, 2021, the head of the Military Personnel Law Branch issued an advisory opinion requesting that the BCNR deny Plaintiff's request on the grounds that Plaintiff:

> has not provided any evidence that his PI, [page 11] formal counseling, and ROM constitute an "other proceeding" before a court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, prohibiting it from using alleged, unlawfully intercepted information. […] PIs, [page 11] formal counseling, and ROMs are decision-making, administrative disposition, and notation tools, and are not administrative hearings.

See id. at 5.a.

13. On May 27, 2021, counsel for Plaintiff submitted a detailed response to the advisory opinion. However, despite Plaintiff's arguments refuting the advisory opinion's contentions, the BCNR determined that the illegally-obtained communications evidence was properly used against Plaintiff, the result being that his application for correction of his military records was denied on December 1, 2021.

14. In denying Plaintiff's application on December 1, 2021, the BCNR stated: "none of the terms, examples, or cases describe an administrative determination." The BCNR further wrote:

> [A]ccording to the Legal Support and Administration Manual, upon receipt of credible information regarding alleged, suspected, or reported misconduct committed by a Marine officer, the General Court Martial Convening Authority (GCMCA)/Commanding Officer (CO)/Officer in Charge (OIC) shall report the alleged misconduct to the Commandant of the Marine Corps (JPL). In your case, your misconduct was substantiated, it was appropriately reported to JPL, and the appropriate GCMCA determined to administratively counsel you as a non-punitive or administrative measure according to paragraph 3005 of the IRAM and as required by regulation, your substantiated misconduct was documented in a ROM.

15. Finally, the BCNR concluded:

> [T]he Board found no evidence, regulation or statute that your PI, [page 11] formal counseling, and ROM constitute an "other proceeding" before a court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, prohibiting it from using the alleged, unlawfully intercepted information. The Board determined that PIs, [page 11] formal counseling, and ROMs are decision-making, administrative disposition, and notation tools, and are not administrative hearings. The Board also determined that your command appropriately used the disclosed information during the course of disposing your misconduct.

16. The BCNR did not review whether there were grounds to impose the PI, page 11, or ROM absent the illegally-obtained communications information.

17. This Complaint follows. Claims under the APA must be filed within six years of the agency action. 28 U.S.C. § 2401. As the agency action was final on December 1, 2021, this Complaint is timely filed.

## STATEMENT OF CLAIMS

### CAUSE OF ACTION ONE: VIOLATION OF APA

**THE BCNR'S DECISION WAS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW BECAUSE THE RESPECTIVE ADMINISTRATIVE ACTIONS, AND THE BCNR ITSELF, CONSTITUTED OTHER PROCEEDINGS.**

18. Plaintiff incorporates by reference herein paragraphs 5-18 of this Complaint.

19. 18 U.S.C. § 2515 prohibits the use the of illegally-obtained communications in an "other proceeding" before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States and therefore under Title III, "no part of the contents" of the illegally-obtained communications should have been received in evidence in any of those proceedings.

20. Each of Plaintiff's PI, page 11, and ROM proceedings was an "other proceeding" before a department, officer, or agency in which the illegally-obtained communications should have been excluded.

21. The BCNR also constitutes an "other proceeding" before a department, officer, or agency which has the authority to exclude illegally-obtained communications.

22. The BCNR's decision that Plaintiff's PI, page 11, and ROM proceedings were not "other proceedings" before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States was arbitrary, capricious, and not in accordance with law.

23. Therefore, his Court should hold the BCNR's decision was unlawful, and set aside the findings.

CAUSE OF ACTION TWO:
VIOLATION OF APA

**THE BCNR'S DECISION WAS UNSUPPORTED BY EVIDENCE.**

24. Plaintiff incorporates by reference herein paragraphs 5-18 of this Complaint.

25. The only evidence supporting the PI, page 11, and ROM were the illegally-obtained communications.

26. The BCNR knew, or had reason to know, that the communications it relied on upholding the imposition of Plaintiff's PI, page 11, and ROM was illegally-obtained under Title III.

27. Absent this evidence, there is nothing to support the PI, page 11, and ROM remaining in Plaintiff's record.

28. Therefore, the BCNR's decision upholding these actions is unsupported by evidence. This Court should so find, and set aside the BCNR's decision.

**REQUEST FOR RELIEF**

Wherefore, Plaintiff, by and through counsel, respectfully requests that this Court: (1) hold that the Defendant, through the BCNR, acted in a manner arbitrary, capricious, and not in

accordance with law by determining that Plaintiff's PI, page 11, or ROM proceedings were not "other proceedings" before an "other authority of the United States," where Title III's restrictions on the use of the illegally-obtained communications should have applied ; (2) hold that Defendant, through the BCNR, has issued a decision that is unsupported by evidence; (3) remand and order the BCNR to correct Plaintiff's military record by removing all references to the PI, page 11, and ROM because they all arose from the illegally-obtained evidence and any fruits that came therefrom; (4) grant Plaintiff an award of reasonable costs and attorney fees incurred in this civil action pursuant to 28 U.S.C. § 2412; and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 24, 2022               Respectfully submitted,

*/s/ Carol Thompson*
_____
Carol A. Thompson
D.C. Bar No. 1658143
*Partner*
FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, DC 20006-2317
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com

*Counsel for Plaintiff*